## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**DEANNA B. BARRINGTON and  JOHN E. BARRINGTON,**

                       **Plaintiffs,**

-vs-                                                  Case No.  6:10-cv-1315-Orl-22DAB

**JAN WARREN WILLIAMS, RICARDO PREITO, DAVID J. BURKEY, EDWARD W. HUBBARD and ABNEYC. BOLCHOZ, JR.,**

                       **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (Doc. No. 2)** |
| **FILED:** | **September 1, 2010** |

    **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

      Plaintiffs John E. Barrington and Deanna Barrington, convicted in this Court of various counts including fraud, money laundering, and tax evasion, *see* Case No. 6:06-cr-76-31GJK, now bring a civil suit against five of their former employees alleging their involvement in "conspiracy" to take over Plaintiffs' construction businesses.

In reviewing an application to proceed *in forma pauperis,* the Court may dismiss the case or refuse to permit it to continue without payment of fees "if the court determines that . . . (B) the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

On its face, Plaintiff's Complaint fails to properly allege any cognizable federal claim, nor does it allege a proper basis for federal court jurisdiction. Under § 1331, the Court has jurisdiction over claims arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Plaintiff[1] John E. Barrington filed his Complaint (Doc. No. 1), asserting putative claims for "violations of [his] United States Constitutional Rights, and both Federal laws and rights" as well as "State of Florida laws and rights." Doc. 1. However, based on the Court's review of the file, Plaintiff's allegations fail to state any claim under federal law or the United States Constitution on which relief may be granted in this Court. Listed as "Counts" in the Complaint (following the factual description) are all *state* law claims: conspiracy, breach of duty, tortious interference with contract, taking of business opportunity, false light, conversion, defamation, blackmail and extortion, violation of trade secrets, intentional infliction of damage to property, assault, and cruelty to animals, destruction of property. Doc. 1 at 27-30. There is no mention of any federal claim in the "Counts" section.

In this "jurisdiction" section at the beginning of the Complaint, Plaintiff alleges federal court subject matter jurisdiction is based on "28 U.S.C. § 1332(a)," which confers federal district courts

---

[1]The Court will refer to "Plaintiff" in the singular because John Barrington is the only one to have signed the Complaint. Deanna B. Barrington did not sign the Complaint and, John E. Barrington, a non-attorney, cannot represent her Doc. 1. Under the Local Rules, "No person shall be permitted to appear or be heard as counsel for another in any proceeding in this Court unless first admitted to practice in the Court pursuant to this rule." Local Rule 2.01(a), United States District Court for the Middle District of Florida.

with jurisdiction over "diversity" cases.  A district court has jurisdiction over cases in which the parties are of diverse citizenship and the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a).  However, the facts alleged fail to support diversity jurisdiction, which requires *complete* diversity between all of the Plaintiffs and all of the Defendants to meet the criteria of § 1332, and there is not.  The Complaint alleges that Plaintiffs John Barrington[2] and Deanna Barrington are citizens of Florida, as are Defendants Williams, Burkey, Hubbard, and Bolchoz; a fifth Defendant, Ricardo Preito, is a citizen of Venezuela but is a resident of Florida.  There is no diversity between the parties, thus, jurisdiction cannot be based on 28 U.S.C. § 1332.

Plaintiff alternatively recites federal jurisdiction based on copyright infringement claims, 28 U.S.C. § 1338 (b); violation of his civil rights, 28 U.S.C. § 1343; and "injuries under federal laws," 28 U.S.C. § 1357.  Plaintiff alleges no ownership of a federal copyright which he is seeking to protect from infringement by Defendants, thus, federal subject matter jurisdiction cannot be based on 28 U.S.C. § 1338.  Plaintiff also fails to allege any "violation of his civil rights" – under 42 U.S.C. § 1983 – by anyone, much less by a state actor.  Plaintiff's allegations of certain conduct by his former employees, private parties, does not implicate his rights under the United States Constitution.

Finally, Plaintiff erroneously relies on 28 U.S.C. § 1357 as a basis for federal jurisdiction. Section 1357 reads:

> The district courts shall have original jurisdiction of any civil action commenced by any person to recover damages for any injury to his person or property on account . . . for the *protection or collection of any of the revenues or to enforce the right of citizens* of the United States *to vote* in any State.

28 U.S.C. § 1357.  Plaintiff alleges no facts having anything to do with "collecting revenue" or "enforcing voting rights"; thus, § 1357 does not apply to his claims and does not provide a basis for jurisdiction.

---

[2] He is currently incarcerated in Texas.

It is respectfully **RECOMMENDED** that Plaintiffs' Motion to Proceed *In Forma Pauperis* be **DENIED** and Plaintiffs' Complaint be **DISMISSED** for failure to state a claim on which relief can be granted in this Court, which lacks subject matter jurisdiction.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 10, 2010.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Parties
Courtroom Deputy